OTT, Judge.
Appellant was awarded a judgment against appellees for return of money being held by the clerk of the circuit court in the amount of $316,380.00. The city sought review without success at City of St. Petersburg, et al. v. Houghton, 382 So.2d 898 (Fla. 2d DCA 1980). In subsequent proceedings, appellant was awarded $30,142.65 for postjudgment interest pursuant to section 55.03, Florida Statutes (1979).
Appellant now contends that the lower court abused its discretion in denying prejudgment interest on the sum recovered. However, we can find no support for this assertion, especially since appellant initially denied any ownership of or interest in the money, which continued until the superior right of entitlement was asserted and established in the replevin action.
The city cross-appeals and seeks either to vacate the entire postjudgment interest award or, in the alternative, to have it reduced to 8%, as prescribed by section 55.03, Florida Statutes (1979). The substance of the city’s contention is that the money was originally seized and held by the clerk during a grand jury investigation into a narcotics operation and that postjudgment interest only applies to judgment in civil actions. We note in passing that the action for recovery of the money was a civil action for replevin after termination of all criminal charges and proceedings.
Initially we note that the 1979 codification of section 55.03(1) was in full force and effect during the pendency of the first appeal and it provided:[1]
All judgments and decrees bear interest at the rate of 6 percent a year, except that judgments or decrees rendered in circuit court shall bear interest at the rate of 8 percent a year unless the judgment or decree is rendered on a written contract or obligation providing for interest at a lesser rate, in which case the *467 judgment or decree bears interest at the rate specified in such written contract or obligation. (Emphasis added.)
Appellant is thus clearly entitled to post-judgment interest at the rate of 8%, as this judgment was rendered by a circuit court. We see no basis in the statute or fhe circumstances of this case to fault the trial judge’s determination that postjudgment interest was due the appellant. However, because appellant concedes that the post-judgment award exceeds the effective statutory rate, we reduce the lower court award to $25,310.40, or 8% on the sum recovered. As so amended, the judgment is AFFIRMED.
SCHEB, C. J., and SCHOONOVER, J., concur.

. This section has been recently amended and now provides:
(1) A judgment or decree entered on or after October 1, 1981, shall bear interest at the rate of 12 percent a year unless the judgment or decree is rendered on a written contract or obligation providing for interest at a lesser rate, in which case the judgment or decree bears interest at the rate specified in such written contract or obligation.